UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**ESTATE OF AARON FRANK CRAIG SR.**
C/O Kathleen Rose Craig, Personal Representative
70563 Caville Road,
Ashland, WI 54806

**KATHLEEN ROSE CRAIG**
70563 Caville Road
Ashland, WI 54806,

    **Plaintiffs**

**v.**

**ASHLAND COUNTY**
201 Main Street West
Ashland, WI 54806,

**CITY OF ASHLAND**
601 Main Street West
Ashland, WI 54806,

**SHERIFF BRIAN ZUPKE**
201 Main Street West
Ashland, WI 54806

**UNKNOWN LAW ENFORCEMENT OFFICERS**
601 Main Street West
Ashland, WI 54806

**UNKNOWN CORRECTIONS OFFICERS**
201 Main Street West
Ashland, WI 54806

    **Defendants.**

## COMPLAINT

Plaintiffs Estate of Aaron Frank Craig Sr. and Kathleen Rose Craig, as and for their Complaint against the above-named defendants, alleges as follows:

## INTRODUCTION

1. This cause of action arises out of Arron Frank Craig Sr.'s ("Aaron Craig") death, January 27, 2023 death, occurring at 220 6th Street East, Ashland, Wisconsin 54806.

2. This cause of action is for money damages brought pursuant to 42 U.S.C. § 1983 - 1985; Articles I, Sections One and Six of the Wisconsin Constitution; and, pursuant to Wis. Stat. §§ 895.03 to redress the deprivation under color of state law of Aaron Craig's clearly established rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the United States Constitution and Laws of the United States, and pursuant to 28 U.S.C. § 1343(a)(3) because this action seeks to redress the deprivation, under color of state law, of Plaintiffs' civil rights.

4. That this Court has supplemental jurisdiction over all state law claims which arise out of the same facts common to Plaintiffs' federal claims pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because most Defendants reside in this district and because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred within this district.

## PARTIES TO THE ACTION

6. At all times relevant hereto and until the time of his death on January 27, 2023, Plaintiff's decedent Aaron Craig was a citizen of the United States and the city of Ashland, county of Ashland, state of Wisconsin.

7. Plaintiff, Kathleen Rose Craig, is a citizen of the United States and county of Ashland, state of Wisconsin.

8. City of Ashland is and was at all times material hereto a political subdivision of the State of Wisconsin, organized and existing under and by virtue of the laws of Wisconsin.

9. The Ashland Police Department ("APD") is and was at all times material hereto an agency of the City of Ashland, providing the vehicle through which the City fulfills its policing functions.

10. Upon information and belief, Unknown Officers are and were at all times material hereto a citizens of the United States and the State of Wisconsin.

11. Ashland County is and was at all times material hereto a political subdivision of the State of Wisconsin, organized and existing under and by virtue of the laws of Wisconsin.

12. Defendant Ashland County Sheriff's Department is a law enforcement agency operating on behalf of Sawyer County and pursuant to the laws of the State of Wisconsin.

13. Defendant, Sheriff Brian Zupke, ("Zupke"), is an adult citizen of the United States and a resident of the State of Wisconsin. At all times material hereto, Defendant Zupke was the Sheriff of the County of Ashland, and in that capacity was ultimately responsible for the health, safety, security, welfare and humane

treatment of all inmates at the Justice Facility, including Aaron Craig. At all times material hereto, Defendant Zupke oversaw, supervised and had direct control over the management and operations of the entire Ashland County Sheriff's Department, including the jai, and was responsible for the jail's policies and procedures, as well as training.

14. Defendant. Unknown Correctional Officer is an adult citizen of the United States and a resident of the State of Wisconsin. At all times material hereto, Unknown Correctional Officer was employed as a Correctional Officer at the jail by Ashland County, and was responsible for the health, safety, security, welfare and humane treatment of all inmates at the jail, including Aaron Craig. At all times material hereto, Upon information and belief, Defendant Unknown Correctional Officer failed to monitor Aaron Craig to monitor his well-being and safety.

## FACTS

15. Much of the facts, including the cause of death have not been published or made available.

16. On or about January 27, 2023, Aaron Craig was arrested by Unknown Officers from the City of Ashland.

17. The purpose or intent of the officer(s) is/are not known at this time.

18. The Unknown Officer(s) from the City of Ashland had a special relationship and therefore a duty to act with reasonable care toward Mr. Craig when taking Mr. Craig into their custody.

19. Upon information and belief, the Unknown Officer(s) from the City of Ashland neglected to properly search Mr. Craig incident to his arrest.

20. Upon information and belief, Mr. Craig had methamphetamine and/or other street drug on his person at the time of being arrested.

21. Upon information and belief, the Unknown Officer(s) breached their duty to act with reasonable care when not properly searching Mr. Craig to locate the methamphetamine and/or other street drug that was on his person.

22. The Ashland County Sheriff's Department/Jail took custody of Mr. Craig following his arrest.

23. The Unknown Correctional Officer(s) had a special relationship and a duty to act with reasonable care while Mr. Craig was in their custody.

24. Unknown Correctional Officer, employed by Ashland County, whose names are not known at this time, upon information and belief, neglected to exercise reasonable care with Mr. Craig as follows:

    a. Upon information and belief, the Unknown Correctional Officer(s) failed to properly search Mr. Craig to locate any methamphetamine and/or other street drug on his person.

    b. Upon information and belief, the Unknown Correctional Officer(s) failed to render proper medical aid to Mr. Craig.

25. As a result of the negligence by and between the Unknown Officer(s) from the City of Ashland and/or the Ashland County Unknown Correctional Officer(s), upon information and belief, Mr. Craig died from a drug overdose while in custody.

26. In addition to the negligence of the Unknown Officer(s) and Unknown Correctional Officer(s), upon information and belief, the Unknown Officer(s) and Unknown Correctional Officer(s) violated Mr. Craig's constitutional right prohibiting cruel and unusual punishment.

27. The Estate of Aaron Craig and Kathleen Rose Craig are entitled to damages for Mr. Craig's wrongful death, including damages for pain and suffering, loss of companionship, loss of consortium, mental anguish and emotional distress.

28. At all times relevant, as alleged in the preceding paragraphs, the defendants were acting on behalf of the City of Ashland and/or Ashland County under color of state law in his capacity as a Law Enforcement Officers and/or Correctional Officer for the Ashland County Sheriff.

29. At all times relevant, as alleged in the preceding paragraphs, the defendants were acting on behalf of the City or County under color of state law in their respective capacities.

30. The actions of the defendants, as alleged in the preceding paragraphs, deprived Aaron Craig of his clearly established rights under the United States Constitution.

**Outrageous Conduct by Defendants**

31. The actions taken by the defendants toward the Mr. Craig as alleged herein, were motivated by evil intent or involved reckless or callous indifference to Mr. Craig's clearly established federal rights under the Eighth and Fourteenth Amendments of the United States Constitution.

**Injuries to Plaintiffs**

32. The unconstitutional actions of defendants, as alleged in the preceding paragraphs, have caused the plaintiffs to suffer physical and emotional injury, pain and suffering, loss of personal privacy, loss of safety, loss of security, severe emotional distress, anxiety, humiliation, stigma, loss of reputation, inconvenience, attorneys' fees, costs, expenses, and other damages.

## STATEMENT OF CLAIMS

33. City of Ashland officials and employees took Aaron Craig into legal and physical custody, thereby establishing a special custodial relationship toward him and affirmative legal duties to secure his safety and to protect his right to be free from unnecessary pain and suffering, and to secure his life – substantive rights secured by the Eighth and Fourteenth Amendments to the U.S. Constitution. The conduct of unknown defendants in failing to adequately search Mr. Craig for harmful substances constitutes conscious disregard of the substantial risk of harm to Aaron Craig, as detailed above, causing Aaron Craig to suffer unnecessary pain, suffering, injury, and death in violation of his constitutional rights.

34. Ashland County officials and employees took Aaron Craig into legal and physical custody, thereby establishing a special custodial relationship toward him and affirmative legal duties to provide essential medical care and treatment, and to protect his right to be free from unnecessary pain and suffering, and to secure his life – substantive rights secured by the Eighth and Fourteenth Amendments to the U.S. Constitution. The conduct of unknown defendants constitutes conscious disregard of the substantial risk of harm to Aaron Craig, as detailed above, causing Aaron Craig to suffer unnecessary pain, suffering, injury, and death in violation of his constitutional rights.

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all issues of liability, compensatory, nominal, equitable, punitive, and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.  Enter judgment for plaintiffs against the defendant awarding compensatory damages, and punitive damages against the defendant in his individual capacity.

B.  Award pre-judgment and post-judgment interest, together with costs, disbursements, and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

C.  Such other and further relief as the Court deems appropriate and as may be requested by plaintiff under the circumstances.

Dated this _9_ day of January, 2024.

**SPEARS, CARLSON & COLEMAN, S.C.**

*/s/Linda I. Coleman*
Linda I. Coleman, SBN 1088532
linda@washburnlawyers.com
Attorneys for the Plaintiffs
122 West Bayfield Street
Washburn, WI  54891
(715) 373-2628

8